## Coffield v. Peters Township

*Howard E. Goldfarb*, for plaintiffs.
*Owen B. McManus*, for defendants.

FERGUS, J., June 10, 1969.—This case has arisen by a complaint in equity filed by George Coffield et al., all of whom are residents of Meadow Street in Peters Township, Washington County, Pa. The complaint, as originally filed, seeks to enjoin defendant township from entering into any contract relating to the paving of Meadow Street and to the actual paving of said street. By the time of the hearing, the street had been paved and plaintiffs' requests for relief in this regard are moot. Therefore, the sole issue before the court at the hearing was whether or not the township could properly assess plaintiffs, being some of the abutting owners along Meadow Street, with the costs of improvement.

A review of the record establishes that plaintiffs filed a written notice of opposition to the proposed improvement on March 12, 1968, and the complaint was filed April 10, 1968. The township entered into the contract to pave the said street on April 12, 1968. These facts are mentioned to establish that plaintiffs, while not asking for a preliminary injunction, did not sleep on their rights.

In Peters Township there are, inter alia, several recorded plans of lots known as the Walter C. McNary and Alma M. McNary lot plans numbers 1, 2, 3, 4, and 5. The township supervisors elected to combine five of the streets in the McNary plan as part of the township road system and pave Meadow Street, Pleasant Avenue, High Street, Spring Street and McNary Street as a single project. The township circulated petitions and obtained the signatures of 53 percent of the abutting owners from the five streets which they determined to pave in one project. Accepting Meadow Street as a single entity, the petitions are signed by less than 29 percent of the property owners abutting on Meadow Street. This is the crux of the problem in this case, to wit: Can the township com-

bine several streets in one complex and be permitted to make assessments on the basis that a majority of the property owners abutting on the five streets have asked for the same, even though they do not have a majority of the property owners on each of the five streets?

The provision of the township code which is applicable is The Second Class Township Code of May 1, 1933, P. L. 103, sec. 1135, as amended, 53 PS §66135. This section provides as follows:

"Any township may grade, curb, gutter, pave or otherwise improve, with brick, stone or any suitable materials, any public street or road, or part thereof, laid out and opened in the township . . . No street or road, or any part thereof, shall be improved under the provisions of this section, except upon the petitions of the owners of property representing a majority in number of feet front of the properties abutting on the street or road, or part thereof, proposed to be improved."

Testimony was taken and each party filed briefs and suggested findings of fact and conclusions of law. The facts are not in dispute, and the matter resolves itself into an interpretation of the aforementioned section of the township code. In accordance with Pa. R. C. P. 1517, the chancellor makes the following:

## FINDINGS OF FACT

1. Plaintiffs above named are all individuals, residing on Meadow Street, Peters Township, Washington County, Pa., except as follows: Marie Kubacki resides on Euclid Avenue, Canonsburg, Washington County, Pa.; Ann Kuzy resides at 2132 Jefferson Avenue (Canton Township), Washington, Washington County, Pa.

2. Peters Township is a second class township located in Washington County, Pa., the municipal offices of which are located at 610 East McMurray Road in said township.

3. Plaintiffs are the owners of lots of real estate fronting on Meadow Street in said Peters Township, which lots are all part of the Walter C. and Alma M. McNary plan no. 2 of record in plan book 7, p. 118, in the office of the Recorder of Deeds of Washington County, Pa.

4. The total feet front of the properties abutting on Meadow Street, Peters Township, Washington County, Pa., is 1,769.42 feet.

5. The total feet front of the properties abutting on all the streets in all the McNary plan of lots in Peters Township, Washington County, Pa., including Meadow Street, is 11,311.38 feet.

6. The total feet front of the properties abutting on Meadow Street belonging to owners who petitioned for the improvement of the street, resulting in the assessment which is the subject of the instant litigation, is 500 feet.

7. The total feet front of the properties abutting on all the streets in all the McNary plans of lots belonging to owners who petitioned for the improvement of the streets, resulting in the assessment which is the subject of the instant litigation, is 6,000 feet.

8. The original place of record of the seven plans of lots which make up what is called in this litigation the McNary plans of lots, is the office of the Recorder of Deeds of Washington County, Pa. These seven plans of lots collectively contain all the streets represented by the total feet front of 11,311.38 feet. These seven plans were recorded on the following dates in the following plan books:

Walter C. McNary and Alma M. McNary plan—recorded February 10, 1945, in plan book 7, p. 114.

Walter C. McNary and Alma M. McNary plan no. 2 —recorded May 18, 1945, in plan book 7, p. 118.

Walter C. McNary and Alma M. McNary plan no. 3 —recorded January 10, 1946, in plan book 7, p. 128.

Walter C. McNary and Alma M. McNary plan no. 4 —recorded June 23, 1947, in plan book 7, p. 223.

Walter C. McNary and Alma M. McNary plan no. 5 —recorded November 25, 1952, in plan book 8, p. 41.

Walter C. McNary and Alma M. McNary plan no. 6 —recorded October 14, 1953, in plan book 8, p. 64.

Walter C. and Alma M. McNary Farm, laid out by Kaylor Brothers—recorded September 28, 1961, in plan book 9, p. 161.

9. Plaintiffs are the owners of lots on Meadow Street as indicated on exhibit A, attached to plaintiffs' complaint, which exhibit also states the correct ownership of the feet front of plaintiffs' lots.

10. Meadow Street is a single street extending in a northwest-southeast direction between Pleasant Avenue, at its northwest terminus, and McNary Street, at its southwest terminus. (See plan attached to answer.)

11. Meadow Street is not bisected by any streets, alleys or ways between its two terminus points.

12. Meadow Street was adopted as a public street by Peters Township on September 17, 1968, and is identified as a separate street in the resolution of the Board of Supervisors of Peters Township adopted on said date.

13. Meadow Street was graded, paved and otherwise improved pursuant to a contract entered into on April 2, 1968, between Peters Township and Russell Industries, Inc., a contractor.

14. The improvements of Meadow Street under said contract did not commence until sometime after April 11, 1968, and they were completed prior to September 3, 1968.

15. Plaintiffs notified Peters Township by written notices received March 12, 1968, of plaintiffs' opposition to the pending improvement of Meadow Street.

16. Plaintiffs filed the complaint in equity on April 10, 1968.

17. Petitions for the street improvements obtained from owners of property abutting on Meadow Street represent less than 29 percent of the feet front of the properties abutting on said street.

## DISCUSSION

Defendant township plausibly argues that in the development of a fast growing community, the supervisors can, for obvious reasons of economy, drainage and in the public interest, combine five streets into one complex for paving purposes. The township further argues that all legislation must be construed as intending to favor the public interest (The Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552), and further that, "if a situation arises which is not within the strict letter of the act, but is within its spirit and intentions, the court should so direct."

Plaintiffs argue that section 1135 of The Second Class Township Code, supra, which uses the singular, "no street or road or any part thereof . . ." must be taken literally to permit an assessment for paving purposes. The township must have a majority of the property owners on each street, even though it might be expedient to pave five streets at one time and under one contract.

Neither of the parties nor the court has been able to find any case dealing with this particular problem.

In the development of a township, growing as fast as Peters Township, with its interchange of streets, it is readily admitted that the supervisors were acting in the public interest, but the rights of individuals are being disregarded if we follow defendant's theory of the law.

The legislature intentionally used the singular in speaking of a street or road. There are methods to pave streets or roads at the public expense, but section 1135 must be construed to mean that a majority of the abutting owners on a particular street has the election of whether they want the street paved at private and public expense.

We interpret section 1135 as being practical in that one particular street, because of topography, could occasion much more expense in paving, than another street on level ground. To lump the assessment at the total cost of paving of two or five streets could be a gross inequity to the property owners on a particular street in that they would be paying for the increased cost of another street.

To follow defendant's theory that the supervisors have power to ordain a certain number of streets as being in one complex and to pave them as one project, would be giving the supervisors far greater discretionary authority than the legislature intended.

If the supervisors have this power, they could use it in an arbitrary manner to the detriment of individuals. The legislature intended that the abutting property owners would be bound by a majority vote as to whether they desired to have their street paved and assessed on a front footage basis. To accept defendant's theory, it is conceivable that a situation could arise where none of the abutting property owners on a particular street favor paving of their street, but could be required to accept an assessment for the general complex of other streets. We do not believe that was the intention of the legislature.

In the present case, 29 percent of the Meadow Street abutting owners signed the petition and the decision, where rendered, is not intended to adjudicate the rights of those property owners favorably or unfavorably to the assessment, which may be that the

persons who signed the petition have either waived the provision of section 1135 and have consented to the supervisors' acts in forming a complex of streets and may be barred from objecting to the assessment. This matter is not before the court and should be the subject of a separate action if there is a conflict.

## CONCLUSIONS OF LAW

A. Peters Township did not obtain majority approval as to the improvement of Meadow Street within the meaning of the Second Class Township Code of May 1, 1933, P. L. 103, art. XI., sec. 1135, as amended, 53 PS §66135.

B. Peters Township does not have legal authority to assess the property of plaintiffs on a front foot basis under section 1136 of the aforesaid act: 53 PS §66136.

C. Peters Township, its officials and agents, are enjoined from assessing the properties of plaintiffs abutting on Meadow Street, resulting from the improvement of said street, and are enjoined from placing any liens on said properties as a result of said improvements. Any such liens or record shall be stricken therefrom. These injunctions shall not inure to the benefit of the properties abutting on Meadow Street owned by Marie Kubacki, also known as Marie Rybacki, and owned by Ann Kuzy.

## DECREE NISI

And now, this June 10, 1969, it is ordered, adjudged and decreed that Peters Township, its officials and agents, are enjoined from assessing the properties of plaintiffs abutting on Meadow Street resulting from the improvement of said street, and are enjoined from placing any liens on said properties as a result of said improvements. Any such liens of record shall be stricken therefrom.

The prothonotary shall give prompt notice of this adjudication to the parties and unless exceptions are filed within 20 days, this decree nisi shall be entered, as of course, by the prothonotary as the final decree.